## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUR MAHDI, | : | |
| | : | Civil No. 3:13-CV-1788 |
| Plaintiff | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| USP-CANAAN, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case.

This case comes before the Court for further consideration of the complaint, (Doc. 1), and an amended complaint, (Doc. 25), filed by the plaintiff.  The *pro se* plaintiff, Abdur Mahdi, is a federal prisoner who has sued the United States, the prison where he was housed, and a number of individual defendants.   In his original complaint, Mahdi initially alleged that in June of 2011 the prison served inmates chicken fajitas.  (Doc. 1)  According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria.  (Id.)  Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating.  (Id.)  Alleging negligence and deliberate indifference on the part of the prison in the preparation and service of this food, the plaintiff seeks damages from the

United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.,* and as a <u>Bivens</u> constitutional tort action.

This *pro se* civil rights action was first brought by the plaintiff, a federal prisoner, through the filing of a complaint on June 28, 2013. (Doc. 1)  As a *pro se* litigant the plaintiff was advised by this Court at this outset of this lawsuit of his responsibilities in this litigation.  Thus, on July 1, 2013, the district court entered its Standing Practice Order in this case, an order which informed the plaintiff of his responsibility to reply to defense motions, and warned him in clear and precise terms of the consequences which would flow from a failure to comply with briefing schedules on motions, stating:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion.  The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(Doc. 4, p.3)

On December 9, 2013, the defendants filed a motion to dismiss, which we also construe as a motion for summary judgment, in this case.  (Doc. 19)  This motion raised a straightforward legal claim, arguing that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that

prisoner plaintiffs are required by law to do as a prerequisite to seeking relief in federal court.

On December 10, 2013, we then underscored for the plaintiff in clear and precise terms his obligation to respond to this motion, as well as the consequences which would flow from a failure to respond, stating:

> IT IS FURTHER ORDERED that the defendant's motion to dismiss, which relies upon a certification that the plaintiff failed to exhaust his remedies, will be treated as a motion to dismiss or in the alternative for summary judgment, and the following briefing schedule with be set with respect to this motion:
>
> With respect to the outstanding motion, the plaintiff shall file a response to the motion in accordance with Local Rule 7.6 on or before **January 3, 2014**. Pursuant to Local Rule 7.7 the movant may then file a reply brief within 14 days of the filing of this response, or on or before **January 17, 2014**. All briefs must conform to the requirements prescribed by Local Rule 7.8.
>
> The plaintiff is also placed on notice that a failure to respond to a motion may result in the motion being deemed unopposed and granted. Further, Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that
>
>> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for

> summary judgment and LR 56.1 responsive statement,
> together with any transcripts, affidavits or other relevant
> documentation, shall be filed within twenty-one (21) days
> after service of the movant's brief.

Local Rule 7.6 (emphasis added).

> It is now well-settled that "Local Rule 7.6 can be applied to grant a
> motion to dismiss without analysis of the complaint's sufficiency 'if a
> party fails to comply with the [R]ule after a specific direction to comply
> from the court.' Stackhouse v.Mazurkiewicz, 951 F.2 d 29, 30 (1991)."
> Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL
> 3703808, *1 (M.D. Pa. Aug.26, 2010).  Therefore, a failure to comply
> with this briefing order may result in the motion being deemed
> unopposed and granted.

(Doc. 21)

Despite this explicit notice, the plaintiff did not respond to this motion.  Indeed, the

defendant has never disputed or contested in any fashion the defendants' thoroughly

documented allegations that he failed to exhaust his administrative remedies before

filing this tort claim.  Accordingly, on January 13, 2014, we recommended that this

complaint be dismissed for failure to prosecute.  (Doc. 22)

On that same day, January 13, 2014, Mahdi filed an motion to amend his

complaint, (Doc. 24), along with a proposed amended complaint.  (Doc. 25)  This

amended complaint purported to bring both an action under the Federal Tort Claims

Act and a Bivens constitutional tort action against the United States, five named

individual prison employees, and between five and ten unnamed prison officials at the

United States Penitentiary Canaan.  According to Mahdi's amended complaint, these

defendants negligently provided him tainted food, and violated his constitutional rights by showing deliberate indifference to his needs, by denying him due process, and by engaging in "Cultural, Social, Economical and Geological discrimination." (Id.) Notably, although Mahdi names five individual prison officials in the caption of the amended complaint, the body of that pleading only makes factual allegations against one of these defendants, defendant Nowitski, who is alleged to have used racial epithets, and threatened to retaliate against the plaintiff if he pursued complaints regarding prison food service.  (Id.)  The remaining named defendants–defendants Paone, Keiser, Sullivan, and Vanderhaywright–are not referred in the body of this pleading.  On the basis of these allegations, Mahdi's amended complaint seeks damages totaling $1,400,000 from each defendant. (Id.) Mahdi's amended complaint also seeks injunctive relief relating to prison food services at the United States Penitentiary, Canaan.  Mahdi seeks this injunctive relief, even though he is not longer housed at that prison.

While advancing these new claims, Mahdi's latest pleadings made no effort to rebut the defendants' contention that Mahdi had utterly failed to exhaust his administrative remedies before filing this complaint in federal court.  Presented with this amended complaint, which did not address the exhaustion issue initially raised by the defendants, but persisted in making new and different claims, the district court declined to dismiss this case for failure to prosecute, but instead instructed us to

conduct a further screening analysis of the sufficiency of Mahdi's complaints.  (Doc. 27)

Having conducted this review, for the reasons set forth below, we find that the complaint and amended complaint remain legally flawed in a number of fundamental ways.  Therefore,  it is recommended that the complaint and amended complaint be dismissed without prejudice to Mahdi endeavoring to file a final amended complaint which corrects the deficiencies noted in this Report and Recommendation.

## II.   Discussion

### A.    On the Present Record, Mahdi's Federal Tort Claims Act Claims Should be Dismissed as Unexhausted

At the outset, we note that Mahdi's complaint, and amended complaint both purport to make a claim under the Federal Tort Claims Act, Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*  This particular claim is the subject of a pending dispositive motion, (Doc. 19), which demonstrates, without contradiction by Mahdi, that the plaintiff has failed to exhaust his administrative remedies with respect to this FTCA claim.

Mahdi's continuing failure to contest this claim has substantive significance for the plaintiff.  Under the Local Rules of this Court the plaintiff should be deemed to concur in this motion, since the plaintiff has failed to timely oppose the motion.  This procedural default completely frustrates and impedes efforts to resolve the merits of

this particular claim in a timely and fair fashion, and under the Rules of this Court

warrants dismissal of this FTCA claim, since Local Rule 7.6 of the Rules of this Court

imposes an affirmative duty on the plaintiff to respond to motions and provides that

> Any party opposing any motion, other than a motion for summary
> judgment, shall file a brief in opposition within fourteen (14) days after
> service of the movant's brief, or, if a brief in support of the motion is not
> required under these rules, within seven (7) days after service of the
> motion. *Any party who fails to comply with this rule shall be deemed not
> to oppose such motion.* Nothing in this rule shall be construed to limit
> the authority of the court to grant any motion before expiration of the
> prescribed period for filing a brief in opposition. A brief in opposition
> to a motion for summary judgment and LR 56.1 responsive statement,
> together with any transcripts, affidavits or other relevant documentation,
> shall be filed within twenty-one (21) days after service of the movant's
> brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to

dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with

the [R]ule after a specific direction to comply from the court.' Stackhouse v.

Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc.,

No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010).

In any event, on the current record, Mahdi's FTCA claims fail due to his

uncontested failure to exhaust his administrative remedies. The defendants have

moved to dismiss this FTCA claim pursuant to Rule 12(b)(1) of the Federal Rules of

Civil Procedure. Rule 12(b)(1), in turn, permits the dismissal of an action for "lack

of subject matter jurisdiction."  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.  See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977).  In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  See id.; PBGC v. White, 998 F.2d 1192, 1196 (3d Cir.1993).  In reviewing a factual attack, the court may consider evidence outside the pleadings.  See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997) (citing Mortensen, 549 F.2d at 891).  Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(footnote omitted) holding modified on other gr'ds  by Simon v. United States, 341 F.3d 193 (3d Cir. 2003).

Moreover, to the extent that this motion considers matters beyond the pleadings we have also previously placed the parties on notice that we may treat this motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P., Rule 56 (a).  Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality."  Univac Dental Co. v. Dentsply

Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477

U.S. at 249.  There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts.  Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist.  Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment."  Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995).

Similarly, it is well-settled that:  "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials."  Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007)(citation omitted).  Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial."  Fireman's Ins. Co. of Newark NJ v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple Univ., 697 F.2d 90, 96 (3d Cir. 1982).  "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient."  Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir.

1969).  Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely

upon bare assertions, conclusory allegations or suspicions."  <u>Gans v. Mundy</u>, 762 F.2d

338, 341 (3d Cir. 1985)(citing <u>Ness v. Marshall</u>, 660 F.2d 517, 519 (3d Cir. 1981)).

Finally, a party who seeks to resist a summary judgment motion must also

comply with Local Rule 56.1, which specifically directs a party opposing a motion for

summary judgment to submit a "statement of the material facts, responding to the

numbered paragraphs set forth in the statement required [to be filed by the movant],

as to which it is contended that there exists a genuine issue to be tried"; if the

nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be

served by the moving party will be deemed to be admitted."  L.R. 56.1.  Under the

Local Rules, the failure to follow these instructions  and appropriately challenge the

material facts tendered by the defendant means that those facts must be deemed, since:

> A failure to file a counter-statement equates to an admission of all the
> facts set forth in the movant's statement.  This Local Rule serves several
> purposes.  First, it is designed to aid the Court in its determination of
> whether any genuine issue of material fact is in dispute.  Second, it
> affixes the burden imposed by Federal Rule of Civil Procedure 56(e), as
> recognized in <u>Celotex Corp. v. Catrett</u>, on the nonmoving party 'to go
> beyond the pleadings and by her own affidavits, or by the depositions,
> answers to interrogatories, and admissions on file, *designated specific
> facts showing that there is a genuine issue for trial*.'  477 U.S. 317, 324
> (1986) (internal quotations omitted) (emphasis added).

<u>Doe v. Winter</u>, No. 04-CV-2170, 2007 U.S. Dist. LEXIS 25517, *2 n.2 (M.D. Pa. Apr.

5, 2007) (parallel citations omitted; court's emphasis).  A party cannot evade these

litigation responsibilities in this regard simply by citing the fact that he is a *pro se* litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-CV-1384, 2010 U.S. Dist. LEXIS, *15 (M.D. Pa. July 20, 2010) (*pro se* parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-CV-01854, 2006 U.S. Dist. LEXIS 64347, *11 (M.D. Pa. Sept. 8, 2006) (*pro se* parties must follow the Federal Rules of Civil Procedure).

In this case the plaintiff's failure to timely pursue his administrative remedies before filing this action in federal court–which is presently undisputed on this record–has substantive significance for the plaintiff. As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

In general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The United States' "consent to be sued must be 'unequivocally

expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id.  The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity." Id.  The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674.

Prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain.  28 C.F.R. § 14.2(a).  If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA.  28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v.

United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat'l Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989)).  The Supreme Court has likewise succinctly explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  McNeil v. United States, 508 U.S. 106, 113 (1993).  As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit.  See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v. United States Gov't, 369 F. App'x 408, 409-10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

Judged against these benchmarks, the FTCA claims in this complaint and amended complaint currently fail since the defendants have asserted, without contradiction by the plaintiff, that none of the matters set forth in the complaint and amended complaint relating to the June 2011 food poisoning incident at USP Canaan have been fully and properly exhausted as required by the FTCA.  This failure to exhaust is fatal to this case, and compels dismissal of this action.  In sum, this merits analysis reveals that this FTCA claim should be dismissed due to the plaintiff's undisputed failure to exhaust his administrative claims before proceeding into federal court.

**B.    Mahdi's Complaint and Amended Complaint Improperly Name the United States as a Defendant in a Bivens Action and Individual Federal Employees as Defendants in a Tort Claim Action**

In addition to this failure to exhaust, Mahdi's claims in the complaint and amended complaint are flawed in several other respects.  For example, the complaint and amended complaint confuse and conflate the liability of the United States and the individual defendants with respect to the FTCA and <u>Bivens</u> claims alleged by Mahdi. Indeed, these pleadings treat these claims and parties interchangeably, drawing no distinctions between the parties and claims.

In fact, <u>Bivens</u> constitutional tort actions and Federal Tort Claims Act lawsuits have very different requirements in terms of the parties that may properly be named as defendants.  With respect to inmate claims made under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*., as a threshold matter, "[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." <u>Moshier v. United States</u>, No. 05-180, 2007 WL 1703536, * 9 (W.D. Pa. June 11, 2007); <u>Baker v. United States,</u> No. 05-146, 2006 WL 1946877, * 4 (W.D. Pa. July 11, 2006).  In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" <u>Sosa v. Alvarez-Machain,</u>

542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962));

CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008).  Federal district courts have

jurisdiction over civil actions against the United States for damages "for injury or loss

of property, or personal injury or death caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his

office or employment, under the circumstance where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where

the act or omission occurred."  28 U.S.C. § 1346(b)(1).  A person is permitted to sue

under the FTCA to recover damages from the United States for personal injuries that

he suffered during confinement in a federal prison that resulted from the negligence

of a government employee.  See Rinaldi v. United States, No. 1:09-CV-1700, 2010

U.S. Dist. LEXIS 66024, at *11 (M.D. Pa. July 1, 2010) (Rambo, J.) (citing United

States v. Muniz, 374 U.S. 150 (1963)).

However, due to the exclusive nature of the remedy available under the FTCA,

and its jurisdictional prerequisites, a court may not entertain a civil suit for a claim

cognizable under 28 U.S.C. § 1346(b) against "any employee of the Government while

acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1); see also

Meyer, 510 U.S. at 476.  As the United States Court of Appeals recently observed in

affirming the dismissal of individual defendants from an inmate FTCA action:  "The

only proper defendant in an FTCA suit is the United States itself.  See 28 U.S.C. §

-16-

2671 et seq.  The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees 'under circumstances where ... a private person ... would be liable' under applicable state tort law.  See 28 U.S.C. § 1346(b)(1)."  Feaster v. Federal Bureau of Prisons,  366 F. App'x 322, 323 (3d Cir. 2010).  Therefore, when inmates bring actions against some individual or entity other than the United States for negligence under the FTCA the proper course to follow is to substitute the United States for these individual defendants and dismiss the individual defendants.  Id.

In contrast to FTCA actions, which must be brought against the United States, Bivens constitutional tort lawsuits can only be lodged against individual government officials.  Indeed, it is well-settled that Bivens actions against the United States – and, by extension, against federal agencies or officials sued in their official capacity – are barred by sovereign immunity, absent an explicit waiver of that immunity.  FDIC v. Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica, 316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955 (3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).  Therefore, a Bivens action cannot be

brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity.

These principles defining proper parties in Bivens and FTCA actions control here and compel dismissal of some of the claims currently lodged in Mahdi's complaint and amended complaint.  Since the plaintiff's complaint and amended complaint make it unmistakably clear that the plaintiff is currently proceeding, in part, under the FTCA, and there appears to be no question that the individual defendants are not proper defendants in an FTCA claim, the United States of America is the only proper defendant with respect to these FTCA claims, and the individual defendants should be dismissed from these FTCA claims.  Similarly, a Bivens claim cannot stand against the United States, and any Bivens claims asserted against the United States by the plaintiff must also be dismissed.

### C.    **Mahdi Has Failed to State a Claim Against Four Individual Defendants**

Further, Mahdi has named four individual defendants in his amended complaint, defendants Paone, Keiser, Sullivan, and Vanderhaywright, but these defendants not referred in the body of this pleading in any fashion.  This cursory style of pleading is plainly inadequate to state a claim upon which relief may be granted.  With respect to the benchmark standards for legal sufficiency of a complaint, the United States Court

of Appeals for the Third Circuit has aptly noted the evolving standards governing

pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may

be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn from the complaint are to be construed in the

light most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a

complaint's bald assertions or legal conclusions when deciding a motion to dismiss."

<u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally

a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a

plaintiff must provide some factual grounds for relief which "requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual

allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

Furthermore, to state a constitutional tort claim the plaintiff must show that the defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v. Thiboutot,

448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). In this case, Mahdi names defendants Paone, Keiser, Sullivan, and Vanderhaywright in the caption of his amended complaint, and then seeks to hold them personally liable for constitutional torts without making any specific factual allegations about these defendants in the body of this pleading. This cursory style of pleading is plainly inadequate to state a claim against a prison official and compels dismissal of these defendants. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

### D.    Mahdi's Prayer for Injunctive Relief Fails

Further, to the extent that Mahdi seeks injunctive relief against prison officials at the United States Penitentiary, Canaan, this request runs afoul of an insurmountable threshold obstacle. These claims for injunctive relief are now moot since it is undisputed that Mahdi is no longer housed at this prison.

The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum

Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).  In this case, Mahdi seeks to enjoin prison

officials to provide him with a specific forms of medical care and diet while he was

in prison, yet it is entirely undisputed that Mahdi is no longer housed at the United

States Penitentiary, Canaan and, therefore, no longer receives these services from the

prison defendants named in this case.

This simple fact raises a threshold, and insurmountable, obstacle to this motion

for injunctive relief relating to conditions at a prison where he is no longer

incarcerated.  Upon consideration, we conclude that the plaintiff's release from the

prison renders his request for injunctive relief moot.  In this setting, the United States

Court of Appeals for the Third Circuit has observed that, when addressing inmate

requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims
> are moot because "a federal court has neither the power to render
> advisory opinions nor to decide questions that cannot affect the rights of
> litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401
> (1975) (quotations omitted); see also Abdul-Akbar v. Watson, 4 F.3d
> 195, 206 (3d Cir.1993).   An inmate's transfer from the facility
> complained of generally moots the equitable and declaratory claims.
> Abdul-Akbar, 4 F.3d at 197 (former inmate's claim that the prison
> library's legal resources were constitutionally inadequate was moot
> because plaintiff was released five months before trial).

Sutton v. Rasheed,  323 F.3d 236, 248 (3d Cir. 2003).  See  Griffin v. Beard, No. 09-

4404, 2010 WL 4642961 (3d Cir. Nov. 17, 2010)(transfer from SCI Huntingdon

renders inmate injunctive relief claim moot).  Indeed, as this Court has previously

observed, in a case such as this, where an inmate seeks injunctive relief against his

jailers but is no longer housed at the prison where these injunctive claims arose:

> [H]is request[] to enjoin the defendants from interfering with his [rights]
> is academic.   See Muslim v. Frame, 854 F.Supp. 1215, 1222
> (E.D.Pa.1994).   In other words, [the prisoner-plaintiff's] transfer to
> another institution moots any claims for injunctive or declaratory relief.
> See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir.1993); Weaver
> v. Wilcox, 650 F.2d 22, 27 (3rd Cir.1981).
>
> Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa.1998).

These principles control here, and compel denial of this request for injunctive

relief as moot since the prisoner-plaintiff is no longer housed at this prison.

### E.   The Plaintiff's Demand for a Specified Sum of Damages Should be Stricken

Further, we note that the Court should also strike the various claims for specific

sums of unliquidated damages from this *pro se* complaint.   In this regard, Rule 12 (f)

of the Federal Rules of Civil Procedure imposes a duty on the Court to review

pleadings and provides that the Court may upon its own initiative at any time order

stricken from any pleading any immaterial matter.   Fed. R. Civ. P. 12(f).   Decisions

regarding whether claims may be stricken from a complaint are properly presented to

a United States Magistrate Judge for determination in the first instance.   Singh v.

Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me.

1984). In this case, the plaintiffs' various claims for specified amounts of unliquidated damages violate Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying particular amounts of unliquidated damages, these specific dollar claims should be stricken from the complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

## F.   The Complaint and Amended Complaint Should be Dismissed Without Prejudice

In sum, in its current form this complaint and amended complaint fail to state a claim upon which relief may be granted for a number of reasons. While this screening merits analysis calls for dismissal of this action, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file a final amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded

an opportunity to amend a complaint before the complaint is dismissed in its entirety,

see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir.

2007), unless granting further leave to amend is not necessary in a case such as this

where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d

229, 235 (3d Cir. 2004).   Accordingly, it is recommended that the Court provide the

plaintiff with an opportunity to correct these deficiencies in these *pro se* pleadings, by

dismissing this deficient complaint and amended complaint at this time without

prejudice to one final effort by the plaintiff to comply with the rules governing civil

actions in federal court.[1]

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

defendants' unopposed motion to dismiss the plaintiff's FTCA claims on exhaustion

---

[1]Having identified these legal flaws in Mahdi's amended complaint, it is also recommended that Mahdi's motion for leave to amend (Doc. 24), be denied without prejudice.  "'Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.'  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993).  'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.  Burlington, 114 F.3d at 1434."  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  Here we have found that many of Mahdi's proposed claims in the amended complaint are subject to summary dismissal.  Therefore, granting this motion would be largely an exercise in futility, since the complaint, as amended, would fail to state a claim upon which relief could be granted.

grounds, (Doc. 19), be GRANTED, the plaintiff's motion to amend (Doc. 24), be DENIED, without prejudice, and the plaintiff's complaint (Doc. 1), and amended complaint, (Doc. 25), be dismissed with respect to the following defendants and claims:

1.      All Federal Tort Claims Act claims should be dismissed on exhaustion grounds.

2.      The individual defendants should be dismissed from these FTCA claims.  Similarly, a <u>Bivens</u> claim cannot stand against the United States, and any <u>Bivens</u> claims asserted against the United States by the plaintiff must also be dismissed.

3.      Defendants Paone, Keiser, Sullivan, and Vanderhaywright should be dismissed.

4.      The plaintiff's request for injunctive relief from prison officials at the United States Penitentiary, Canaan should be dismissed.

Without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28

U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of January, 2014.


**_S/Martin C.  Carlson_**
Martin C. Carlson
United States Magistrate Judge