**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABDUR MAHDI,** | : | |
| | : | **Civil No. 3:13-CV-1788** |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **USP-CANAAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

The *pro se* plaintiff is a federal prisoner who has sued the United States, the

prison where he was housed, and a number of individual defendants.  In his original

complaint, Mahdi initially alleged that in June of 2011 the prison served inmates

chicken fajitas.  (Doc. 1)  According to the plaintiff, the chicken was bad, and was

tainted with salmonella bacteria.  (Id.)  Consequently, the plaintiff contracted food

poisoning, and suffered excruciating pain and symptoms which included headaches,

diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse

sweating.  (Id.)  Alleging negligence and deliberate indifference on the part of the

prison in the preparation and service of this food, the plaintiff seeks damages from

the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.,* and as a <u>Bivens</u> constitutional tort action.

While there are potentially dispositive motions pending in this case which raise substantial questions concerning the ability of the plaintiff to maintain this action, the plaintiff has filed a motion to compel discovery. (Doc. 26) For the reasons set forth below, in the exercise of our discretion over these discovery matters, we will deny this motion to compel, without prejudice to renewal of these motions, if necessary, once the Court has addressed the merits of the potentially dispositive pre-trial motions that are currently pending in this case.

## II.   <u>Discussion</u>

### A.   <u>Guiding Principles Governing Discovery Motions Practice</u>

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

(a) Motion for an Order Compelling Disclosure or Discovery

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

 Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decisions regarding the conduct of discovery, and whether to compel

disclosure of certain information, will be disturbed only upon a showing of an abuse

of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l
> Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585
> (D.N.J.1997).   When a magistrate judge's decision involves a
> discretionary [discovery]  matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224
> F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States,
> 943 F.Supp. 501, 502 (E.D.Pa.1996)).  Under that standard, a magistrate
> judge's discovery ruling "is entitled to great deference and is reversible
> only for abuse of discretion."  Kresefky v. Panasonic Commc'ns and
> Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v.
> BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
> (holding that discovery rulings are reviewed under abuse of discretion
> standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223
> F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
> resolution of discovery disputes deserves substantial deference and
> should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles.  For example,

this broad discretion over discovery matters extends to decisions under Rule 26(c)

relating to the issuance of protective orders limiting and regulating the timing of

discovery.  Indeed, it is undisputed that: " '[t]he grant and nature of [a protective

order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth:  Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.  In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting

Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that this motion to compel discovery should either be denied, or stayed, at this time. We note that the defendants have filed potentially dispositive motions in this case. The merits of these claims are currently being addressed by the Court, ensuring a very prompt resolution of this motion. In this setting, we conclude, consistent with settled case law, that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ( quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Therefore, in any event, we will defer further discovery pending resolution of the outstanding summary judgment motions.

An appropriate order follows:

6

### III.   <u>Order</u>

Accordingly, for the foregoing reasons, the plaintiff's motion to compel (Doc.

26), is DENIED, without prejudice to the parties pursuing appropriate discovery once

the pending, and potentially dispositive, summary judgment motions are resolved.

So ordered this 24th day of January 2014.

<u>***S/Martin C. Carlson***</u>
Martin C. Carlson
United States Magistrate Judge