**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABDUR MAHDI,** | : | |
| | : | **Civil No. 3:13-CV-1788** |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **USP-CANAAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

**I.    Statement of Facts and of the Case**

This case comes before the Court for further consideration of what is now the second amended complaint filed by the plaintiff.  (Doc. 40.)  This second amended complaint was filed some 34 months after the events giving rise to this litigation, and named a host of defendants, none of whom had been identified in the original complaint filed by Mahdi.  Given the delay in filing this complaint, for the reasons set forth below, it is recommended that this second amended complaint also be dismissed since it is time-barred under the statute of limitations applicable to cases of this type.

The *pro se* plaintiff, Abdur Mahdi, is a federal prisoner who first commenced this action by suing the United States, and the prison where he was formerly housed, U.S.P. Canaan, on June 28, 2013.  (Doc. 1.)  Mahdi's initial complaint was filed two years after the events giving rise to this lawsuit, and thus was submitted to the Court

on the verge of the statute of limitations.  In his original complaint, Mahdi initially alleged that in June of 2011 the prison served inmates chicken fajitas.  (Id.)  According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria.  (Id.)  Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating.  (Id.)  Alleging negligence and deliberate indifference on the part of the prison in the preparation and service of this food, the plaintiff seeks damages from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*

On December 9, 2013, the defendants filed a motion to dismiss this initial complaint, which we also construed as a motion for summary judgment, in this case. (Doc. 19.)  This motion raised a straightforward legal claim, arguing that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that prisoner plaintiffs are required by law to do as a prerequisite to seeking relief in federal court.  On December 10, 2013, we then underscored for the plaintiff in clear and precise terms his obligation to respond to this motion, as well as the consequences which would flow from a failure to respond, stating:

> IT IS FURTHER ORDERED that the defendant's motion to dismiss, which relies upon a certification that the plaintiff failed to exhaust his remedies, will be treated as a motion to dismiss or in the alternative for

summary judgment, and the following briefing schedule with be set with respect to this motion:

With respect to the outstanding motion, the plaintiff shall file a response to the motion in accordance with Local Rule 7.6 on or before **January 3, 2014**.  Pursuant to Local Rule 7.7 the movant may then file a reply brief within 14 days of the filing of this response, or on or before **January 17, 2014**.  All briefs must conform to the requirements prescribed by Local Rule 7.8.

The plaintiff is also placed on notice that a failure to respond to a motion may result in the motion being deemed unopposed and granted.  Further, Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*.  Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.  A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v.Mazurkiewicz, 951 F.2 d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010).  Therefore, a failure to comply

with this briefing order may result in the motion being deemed unopposed and granted.

(Doc. 21.)

Despite this explicit notice, the plaintiff did not respond to this motion.  Indeed, the defendant has never disputed or contested in any fashion the defendants' thoroughly documented allegations that he failed to exhaust his administrative remedies before filing this tort claim.  Accordingly, on January 13, 2014, we recommended that this complaint be dismissed for failure to prosecute.  (Doc. 22.)

On that same day, January 13, 2014, Mahdi filed an motion to amend his complaint, (Doc. 24.), along with a proposed amended complaint.  (Doc. 25.)  This amended complaint was submitted some 30 months after the filing of Mahdi's initial complaint, and purported to bring both an action under the Federal Tort Claims Act and a Bivens constitutional tort action against the United States, as well as five named individual prison employees, and between 5 and 10 unnamed prison officials at the United States Penitentiary Canaan.  According to Mahdi's amended complaint, these defendants negligently provided him tainted food, and violated his constitutional rights by showing deliberate indifference to his needs, by denying him due process, and by engaging in "Cultural, Social, Economical and Geological discrimination." (Id.)  Notably, although Mahdi named five individual prison officials in the caption of the amended complaint, the body of that pleading only made factual allegations

against one of these defendants, defendant Nowitski, who was alleged to have used racial epithets, and threatened to retaliate against the plaintiff if he pursued complaints regarding prison food service. (Id.) The remaining named defendants–defendants Paone, Keiser, Sullivan, and Vanderhaywright–were not referred in the body of this pleading. On the basis of these allegations, Mahdi's amended complaint sought damages totaling $1,400,000 from each defendant. (Id.) While advancing these new claims, Mahdi's amended complaint made no effort to rebut the defendants' contention that Mahdi had utterly failed to exhaust his administrative remedies before filing this complaint in federal court. Presented with this amended complaint, which did not address the exhaustion issue initially raised by the defendants, but persisted in making new and different claims, many of which were leveled against individuals who previously had not been named as defendants, the district court declined to dismiss this case for failure to prosecute, but instead instructed us to conduct a further screening analysis of the sufficiency of Mahdi's complaints. (Doc. 27.)

Having conducted this review, we found that the complaint and amended complaint remained legally flawed in a number of fundamental ways. Therefore, we recommended that the complaint and amended complaint be dismissed without prejudice to Mahdi endeavoring to file a final amended complaint which corrected the deficiencies which we noted in our Report and Recommendation. (Doc. 28.)

On April 28, 2014, Mahdi submitted his proposed second amended complaint to this Court.  (Doc. 40.)  This second amended complaint was filed some 34 months after the events set forth in the complaint, and 10 months after Mahdi filed his initial complaint.  Thus, it was submitted well beyond the two-year statute of limitations prescribed for civil rights claims.  Moreover the complaint purported to name more than 18 individual and institutional defendants, alleging that these defendant had been part of an on-going unconstitutional conspiracy which began 24 years ago, in 1990, and continued until the summer of 2011.  With the exception of the United States, none of these newly named defendants had been identified by Mahdi as putative defendant in this action prior to the expiration of the two year statute of limitations.

Having conducted a preliminary screening review of this, Mahdi's latest amended complaint, we find that it is also subject to dismissal under the statute of limitations applicable to constitutional tort claims.  Therefore, for the reasons set forth below, we recommend that this second amended complaint be dismissed.

## II.   Discussion

### A.   Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials.  See 28 U.S.C. §§1915 and 1915A.  Specifically,

we must assess whether a *pro se, in forma pauperis* complaint "fails to state a claim upon which relief may be granted." This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower</u>

Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not

"assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."

Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459

U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly,

550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide

some factual grounds for relief which "requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of actions will not do." Id. at 555.

"Factual allegations must be enough to raise a right to relief above the speculative

level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored

that a trial court must assess whether a complaint states facts upon which relief can be

granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662

(2009), the Supreme Court held that, when considering a motion to dismiss, a court

should "begin by identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." Id. at 679. According to the

Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a

review of the adequacy of complaint, the Supreme Court has advised trial courts that

they must:

[B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

[A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has also observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570,

–9–

127 S.Ct. 1955.   A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).  This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id.  A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947.   Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

-10-

(a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

### B.      Many of Mahdi's Current Claims Are Time–Barred

When conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the screening dismissal of a *pro se* complaint on statute of limitations grounds:

Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed

the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court, 260 F. App'x. 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

It is well-settled that Bivens constitutional tort claims like those belatedly made here are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S.A. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this

grounds for tolling the statute of limitations.  For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action].  On discovering an injury and its cause, a claimant must choose to sue or forego that remedy."  Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)).  See also Lake v. Arnold,  232 F.3d 360, 266-68 (3d Cir. 2000).  Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement."  West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995).  Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred."  Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991). In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts."  West, 45 F.3d at 755 (quotation omitted).  Regarding this inquiry, we have recognized that courts should consider at least three factors:  (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.  See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)).  The consideration of "degree of permanence" is the most important of the factors.  See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001).

In this case a straightforward application of the statute of limitations to Mahdi's claims set forth in this second amended complaint reveals that these claims are now time-barred. Indeed, the complaint is a paradigm of a time-barred pleading, since it endeavors to assert claims that Mahdi insists began 24 years ago, and culminated 34 months ago, well beyond the two year limitations period for Bivens claims. Moreover, Mahdi immediately attached a high degree of significance and permanence to the events set forth in this complaint which he alleges occurred in June and July 2011, some three years ago. Thus, Mahdi recites well-pleaded facts in his second amended complaint which clearly reveal that, to the extent these events entailed violations of the plaintiff's constitutional rights, those violations were known and recognized by the plaintiff when they first occurred, many years ago. Thus, these events plainly had the degree of significance and permanence which should have triggered the plaintiff's awareness of his duty to assert his rights. Therefore, in this case a straightforward application of the two-year statute of limitations also compels dismissal of this action as untimely.

Mahdi cannot save these time-barred claims by resort to the continuing violation theory since that tolling doctrine "will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On

discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998). Indeed, with respect to the controlling consideration relating to this equitable tolling doctrine, "the degree of permanence [of the injury, i.e.]-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his rights," Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001), it is apparent that Mahdi subjectively identified the gravity and permanence of these events when they occurred in 2011.  More than two years then elapsed before Mahdi filed the instant second amended complaint.  On these facts, Mahdi simply cannot evade the bar of the statute of limitations on some continuing wrongs theory, since the wrongs, if any, committed here were fully known by Mahdi more than two years ago.  Therefore, on the face of the complaint, these claims are time-barred.

Nor can Mahdi take advantage of the relation-back doctrine to revive the untimely claims which he now attempts to level against as many as 17 newly named individual defendants in his second amended complaint.  Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, because the plaintiff's proposed amendment adds claims against some 17 newly named defendants  that would be filed approximately three  years after the events giving rise to those claims, and beyond the

period of the statute of limitations, see Wilson v. Garcia, 471 U.S. 261, 280 (1985);

Garvin v. University of Pittsburgh, 354 F.3d 215, 220 (3d Cir. 2003), Mahdi may only

amend his complaint pursuant to Rule 15(c), which permits a plaintiff, in specific

narrowly defined circumstances, to amend a complaint "as if it had been filed at the

time of the original complaint."  Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 189

(3d Cir. 2001).

Pursuant to its terms, Rule 15(c)(1) applies in three situations:

(1)   **When an Amendment Relates Back.**  An amendment to a pleading
relates back to the date of the original pleading when:

(A)   the law the provides the applicable statute of limitations allows
relation back;

(B)   the amendment asserts a claim or defense that arose out of the
conduct, transaction, or occurrence set out – or attempted to be set
out – in the original pleading; or

(C)   the amendment changes the party or the naming of the party
against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied
and if, within the period provided by Rule 4(m) for serving the
summons and complaint, the party to be brought in by amendment:

(i)   received such notice of the action that it will not be
prejudiced in defending on the merits; and

(ii)   knew or should have known that the action against it, but
for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The United States Court of Appeals for the Third Circuit has explained the

application of the rule as follows:

> The Rule is written in the conjunctive, and courts interpret [15(c)(1)(C)]
> as imposing three conditions, all of which must be met for a successful
> relation back of an amended complaint that seeks to substitute newly
> named defendants. [First, the claim against the newly named defendants
> must have arisen out of the conduct, transaction, or occurrence set forth
> or attempted to be set forth in the original pleading].  The second and
> third conditions are set out in [15(c)(1)(C)(i) and (ii)], respectively, and
> must be met "within the period provided by Rule 4(m) for service of the
> summons and complaint," Fed. R. Civ. P. [15(c)(1)(C)], which is "120
> days after the filing of the complaint," Fed. R. Civ. P. 4(m).  The second
> condition is that the newly named party must have "received such notice
> of the institution of the action [within the 120 day period] that the party
> will not be prejudiced in maintaining a defense on the merits."  Fed. R.
> Civ. P. [15(c)(1)(C)(I)].  Urrutia [v. Harrisburg County Police Dept., 91
> F.3d 451, 458 (3d Cir. 1996)] states that this condition "has two
> requirements, notice and the absence of prejudice, each of which must be
> satisfied." 91 F.3d at 458.  The third condition is that the newly named
> party must have known, or should have known, (again, within the 120
> day period) that "but for a mistake" made by the plaintiff concerning the
> newly named party's identity, "the action would have been brought
> against" the newly named party in the first place.  Fed. R. Civ. P.
> [15(c)(1)(C)(ii)].

Singletary, 266 F.3d at 194 (some citations omitted).

Applying these benchmarks, while we find at the outset that the first requisite

of Rule 15(c) is arguably met here since the second amended complaint asserts claims

against these newly named defendants that arose out of the conduct, transaction, or

occurrence set out – or attempted to be set out – in the original pleading, as required

by Rule 15(c).

We note, however, that there are two other conditions which also must be met under Rule 15(c) before an amended complaint can relate-back to the date of the initial filing. First, the newly named party must have "received such notice of the institution of the action [within the 120 day period prescribed for service of the original complaint] that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P., Rule15(c)(1)(C)(i). In addition there is yet another condition prescribed by Rule 15(c), that the newly named party must have known, or should have known, that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. Fed. R. Civ. P. Rule 15(c)(1)(C)(ii).

Here, we find that Mahdi has not satisfied either of these procedural prerequisites. Turning to Rule 15(c)(1)(C)(ii)'s requirement that the newly named party must have known, or should have known, that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place, we conclude that Mahdi has not shown that the identities of these defendants, who dealt directly with the plaintiff in many instances, were unknown to him. Indeed, he has provided no explanation for his failure to name these defendants as defendants in the years following this incident.

Further, when we consider the last factor enumerated by Rule 15, whether the newly named defendants "received such notice of the institution of the action [within the 120 day period prescribed for service of the original complaint] that the party will not be prejudiced in maintaining a defense on the merits," as required by Rule15(c)(1)(C)(i), we find that Mahdi has not carried his burden of proof or persuasion on this score. In this regard, "Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means. See Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir.1977) (holding that a person who the plaintiff sought to add as a defendant had adequate notice under 15(c)(3) when, within the relevant period, the person by happenstance saw a copy of the complaint naming both the place where he worked and an 'unknown employee' as a defendant, which he knew referred to him); see also Berndt v. Tennessee, 796 F.2d 879, 884 (6th Cir.1986) (notice need not be formal); Eakins v. Reed, 710 F.2d 184, 187–88 (4th Cir.1983) (same); Kirk v. Cronvich, 629 F.2d 404, 407–08 (5th Cir.1980) (same). At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action. See Bechtel v. Robinson, 886 F.2d 644, 652 n. 12 (3d

Cir.1989)." <u>Singletary v. Pennsylvania Dep't of Corr.</u>, 266 F.3d 186, 195 (3d Cir. 2001).

Here there is simply nothing which would permit us to infer that these 17 individual defendants would have known from the very generic Federal Tort Claims Act complaint initially filed by Mahdi in June 2013, that the plaintiff was actually alleging that these individuals engaged in a massive unconstitutional conspiracy which spanned more than two decades. Since Mahdi has failed to allege or show facts that would permit this belated amended complaint to relate back to the date of his initial filing, this complaint should be dismissed as to all of the individual defendants as time-barred under the statute of limitations.

In short, the claims set forth 17 of the 18 defendant named in this second amended complaint are time-barred and should be dismissed. The sole remaining claim, a Federal Tort Claims Act claim against, the United States has previously been found to be barred due to Mahdi's failure to exhaust his administrative remedies, and failure which Mahdi was given the opportunity to contest, but a failure which he did not dispute. Accordingly, it is recommended that this second amended complaint be dismissed.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety,

See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  In this case the Court has previously provided the plaintiff with ample opportunities to amend these pleadings, but to no avail.  The current second amended complaint still fails to state a viable civil rights cause of action against these defendants, and actually repeats assertions that were previously found to be legally insufficient.  Since the plaintiff has been afforded opportunities to correct the deficiencies identified in his prior complaint, has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of the second amended complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Therefore, it is recommended that the second amended complaint be dismissed without further leave to amend.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's second amended complaint be dismissed as time-barred.  While we make this recommendation, we also note that there is some indication in the docket that Mahdi may be out of Bureau of Prisons custody on a writ litigating some other matter. Therefore, in order to provide Mahdi with sufficient time to receive, review and object

to this Report and Recommendation, IT IS FURTHER RECOMMENDED that the deadline for objections to the Report and Recommendation be extended to December 7, 2014.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of November, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge